Last revised: August 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re: Gregory J. and Stacey G. Miller

Case No.: 17-21984

Judge: Poslusny

Debtor(s)   2ND AMENDED

# Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: 11/14/2017

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: jbs     Initial Debtor: gjm     Initial Co-Debtor: sgm

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $2670.00 PTD, + $896.00 per month, to the Chapter 13 Trustee, starting on 10/01/2017, for the remaining 57 months of the Plan.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| IRS | 2015 income tax | $8000.00 |
| DOMESTIC SUPPORT OBLIGATION | | Regular payments outside Plan |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

### Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wells Fargo Bank | Debtors' Residence | $13,363.00 | 3.25% | $16,300.00 | $1910.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

4

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Bank of America N.A. | 711 Willow Drive, Cinnaminson, NJ 08077 | $330,745.02 | $0.00 |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

Toyota Motor Credit Corp0.- 2014 Toyota Sienna—regular payments outside Plan- lease assumed

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| | | |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than __100.0_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| Navient | Husband student loan | Regular payments Outside Plan | $18,023.00 Outside Plan |

## Part 6: Executory Contracts and Unexpired Leases ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Toyota Motor Credit Corp. | None | Auto lease | ASSUMED | Outside Plan |

**Part 7:    Motions  ☒ NONE**

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

### a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) secured claims

3) priority unsecured claims

4) non-priority unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification ☐ NONE

| If this Plan modifies a Plan previously filed in this case, complete the information below. ||
|---|---|
| Date of Plan being modified: ___08/01/2017_____. ||
| Explain below **why** the plan is being modified:<br><br>1. Bank of America N. A. claim omitted | Explain below **how** the plan is being modified:<br><br>1. Bank of America N.A. claim included—property to be surrendered, no payments under Plan |
| Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No ||

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 12/1/17        Jeffrey B. Sapers, Attorney for the Debtor

Date: X 12/1/17        X _____ Debtor

Date: X 12/1/17        X _____ Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: X 12/1/17                         X _____ Esq.
      Jeffrey P. Sager, Esq.    Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: X 12/1/17                         X _____
                                        Debtor

Date: X 12/1/17                         X Stacy Miller
                                        Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 17-21984-JNP
Gregory J. Miller                                                     Chapter 13
Stacy G. Miller
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2              Date Rcvd: Dec 07, 2017
                              Form ID: pdf901          Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 09, 2017.
db/jdb         +Gregory J. Miller,    Stacy G. Miller,    15 Merion Road,    Marlton, NJ 08053-1913
aty            +Jeffrey B Saper,    180 Tuckerton Road,    Suite 2,    Medford, NJ 08055-8802
cr             +BANK OF AMERICA, N.A.,    c/o Frenkel, Lambert, Weiss, Weisman & G,    80 Main Street, Suite 460,
                 West Orange, NJ 07052-5414
517074703      +Apex Asset Management, LLC,    Virtua Health System WJ,    PO Box 5407,
                 Lancaster, PA 17606-5407
516955051       BANK OF AMERICA, N.A.,    PO Box 31785,    Tampa, FL 33631-3785
517079761       Bank of America, N.A.,    P.O. Box 660933,    Dallas, TX 75266-0933
516877390     ++CREDIT UNION OF NEW JERSEY,    1301 PARKWAY AVE,    EWING NJ 08628-3010
               (address filed with court: CUNJ,    7 Dunmore Ave.,    Ewing, NJ  08618)
517036811       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516953280      +Credit Union of New Jersey,    c/o Peter J. Liska, LLC,    766 Shrewsbury Ave.,
                 Tinton Falls, NJ 07724-3001
516978231      +Jennifer Martz,    119 Cambridge Avenue,    Marlton, NJ 08053-3014
516924701       Navient Solutions, LLC. on behalf of,    United Student Aid Funds, Inc.,
                 Attn: Bankruptcy Litigation Unit E3149,    PO Box 9430,    Wilkes Barre, PA 18773-9430
516877389     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor Credit Corp.,    4 Gatehall Dr., Ste. 350,
                 Parsippany, NJ  07054)
516902200      +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
517002321      +Verizon by American InfoSource,    4515 N. Santa Fe Ave,    Oklahoma City, OK 73118-7901
516877392      +Virtua Health System,    303 Lippincott Drive,    4th Floor,    Marlton, NJ 08053-4160
516978278      +Virtua Health System,    c/o Apex Asset Mgmt,    2501 Oregon Pike S. 102,
                 Lancaster, PA 17601-4890
516894436      +WELLS FARGO BANK, N.A.,    Fein Such Kahn & Shepard, PC,    7 Century Drive,
                 Parsippany, NJ 07054-4673
516877388      +Wells Fargo Bank,    c/o Fein Such et al,    7 Century Drive, Ste. 201,
                 Parsippany, NJ 07054-4609
517013548       Wells Fargo Bank,    Default Document Processing,    N9286 01Y,    1000 Blue Gentian Road,
                 Eagan MN 55121-7700
516912177      +Wells Fargo Bank, N.A.,    Attention: Payment Processing,    MAC# X2302-04C,    1 Home Campus,
                 Des Moines, IA 50328-0001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Dec 07 2017 22:26:53    U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 07 2017 22:26:51    United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516877394      +E-mail/PDF: creditonebknotifications@resurgent.com Dec 07 2017 22:34:34    Credit One Bank,
                 PO Box 98873,    Las Vegas, NV 89193-8873
516877391       E-mail/Text: cio.bncmail@irs.gov Dec 07 2017 22:26:36    IRS Special Procedure Unit,
                 PO Box 7346,    Philadelphia, PA  19101-7346
516877395      +E-mail/Text: bnckohlsnotices@becket-lee.com Dec 07 2017 22:26:29    Kohls/Capital One,
                 PO Boc 3115,    Milwaukee, WI 53201-3115
516993824       E-mail/PDF: resurgentbknotifications@resurgent.com Dec 07 2017 22:34:33
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516877396      +E-mail/PDF: pa_dc_claims@navient.com Dec 07 2017 22:28:53    Navient,    PO Box 9500,
                 Wilkes-Barre, PA 18773-9500
516877393      +E-mail/Text: electronicbkydocs@nelnet.net Dec 07 2017 22:26:56    Nelnet,
                 3015 S. Parker Rd., Ste. 400,    Aurora, CO 80014-2904
516895953      +E-mail/Text: Bankruptcy@nslp.org Dec 07 2017 22:26:49    Nelnet on behalf of NSLP,
                 National Student Loan Program,    PO Box 82507,    Lincoln NE 68501,    8 68501-2507
516879718      +E-mail/PDF: gecsedi@recoverycorp.com Dec 07 2017 22:29:13    Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
516999171       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 07 2017 22:34:52    Verizon,
                 by American InfoSource LP as agent,    PO Box 248838,    Oklahoma City, OK  73124-8838
                                                                                              TOTAL: 11

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516978273*     +IRS-Special Procedures Unit,    PO Box 744,    Springfield, NJ 07081
                                                                                             TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Dec 07, 2017
                              Form ID: pdf901          Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2017                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 7, 2017 at the address(es) listed below:

```
              Brian C. Nicholas    on behalf of Creditor   Toyota Lease Trust bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Brian E Caine    on behalf of Creditor   BANK OF AMERICA, N.A. bcaine@parkermccay.com,
               BKcourtnotices@parkermccay.com
              Denise E. Carlon    on behalf of Creditor   Toyota Lease Trust dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              R. A. Lebron    on behalf of Creditor   WELLS FARGO BANK, N.A. bankruptcy@feinsuch.com
              Sean M. O'Brien    on behalf of Creditor   BANK OF AMERICA, N.A. sobrien@flwlaw.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```