| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in compliance with D.N.J. LBR 9004-2(c)<br><br>Jeffrey B. Saper, Esq.<br>180 Tuckerton Road, Suite 2<br>Medford, New Jersey 08055<br>609 868 5336 | |
| In Re:<br>Gregory J. and Stacy G. Miller, Debtors | Case No.: 17-21984<br>Chapter: 13<br><br>Judge: Poslusny |

**CHAPTER 13 DEBTORS' CERTIFICATION IN OPPOSITION TO**

**_x_  CREDITOR'S MOTION OR CERTIFICATION OF DEFAULT**

**___ TRUSTEE'S MOTION OR CERTIFICATION OF DEFAULT**

The Debtor in the above-captioned Chapter 13 proceeding hereby objects to the following **(choose one)**:

1. ___ Motion for Relief from the Automatic Stay filed by , creditor.

A hearing has been scheduled for  , at AM.

OR

___ Motion to Dismiss filed by Standing Chapter 13 Trustee.

A hearing has been scheduled for , at  M.

1

__x__ Certification of Default filed by Wells Fargo Bank, N.A., creditor.

    I am requesting a hearing be scheduled in this matter.

                  OR

____ Certification of Default filed by Standing Chapter 13 Trustee.

    I am requesting a hearing be scheduled in this matter.

2. I am objecting to the above for the following reasons **(choose one)**:

____ Payments have been made in the amount of $, but have not been accounted for. Documentation in support is attached hereto.

____ Payments have not been made for the following reasons and Debtor proposes repayment as follows **(explain your answer)**:

__x__ Other **(explain your answer)**:

    Debtor Gregory Miller is self-employed; he has been unable to make sufficient estimated self-employment tax payments both pre-petition and post-petition. Uneven cash flow and accounts receivable for his business has caused Debtors to fall behind in both mortgage payments and Trustee plan payments, despite good faith efforts to maintain current payment status.

    Debtors are filing an application to appoint a realtor under Section 327, and are listing Debtors' residence for sale. Present market value for Debtors' property is estimated at $300,000 to $320,000 (recent comparable property sales have averaged about $340,000 in the immediate area of Debtors' residence). A Current Market Analysis is being filed. The mortgage balance is approximately $231,000. The equity cushion for Wells Fargo is approximately $69,000 to $89,000. Sales proceeds, after costs of sale, will pay off Wells Fargo in full, pay the remaining $20,000 in claims to complete Plan and obtain Discharge, and yield $19,000 to $37,000 in exempt proceeds for Debtors. The sale of the property should close within 90 days of listing. The monies saved by Debtors by deferring three months of mortgage and Trustee payments will allow Debtors to accumulate sufficient

funds to pay their 2018 and 2019 tax liabilities, and the proceeds from sale of property will afford Debtors moving expenses and security deposits for a rental residence.

There is no detriment to Wells Fargo because of its huge equity cushion, and as it will not have to pay real estate taxes for the property out-of-pocket in the next ninety days, and as property insurance on said property is in place and not scheduled for renewal within the next ninety days, and as, most importantly, it will be paid in full at settlement.

The Chapter 13 Trustee may, at her discretion, place this matter on calendar control for a 90 day follow-up; all remaining creditors to be paid under the Plan will be paid from the proceeds of sale of property, in full; Debtors will complete their Plan, obtain their Discharge, and be able to rent a residence for at least two years after the sale of property.

There is no down-side or negative impact as a result of Debtors' proposed sale of property. Debtors respectfully request that Wells Fargo's request for relief from the Automatic Stay be denied, or, alternatively, that this matter be adjourned for at least ninety days, to allow the appointment of a realtor, the listing and sale of the property, which will require approval by the Court under a Motion, which will be filed upon the execution of an Agreement of Sale, under Section 365 of the Bankruptcy Code.

***I certify under penalty of perjury that the foregoing is true and correct.***

DATE: 01/13/2020        /s/Jeffrey B. Saper, Esq.,
                        Attorney for Debtor(s)

DATE: 01/13/2020        /s/Gregory J. Miller, Debtor

DATE: 01/13/2020        /s/Stacy G. Miller, Joint Debtor

listing and sale of the property, which will require approval by the Court under a Motion, which will be filed upon the execution of an Agreement of Sale, under Section 365 of the Bankruptcy Code.

I certify under penalty of perjury that the foregoing is true and correct.

DATE: 01/13/2020    /s/Jeffrey B. Saper, Esq.,
                    Attorney for Debtor(s)

DATE: 01/13/2020    /s/Gregory J. Miller, Debtor

DATE: 01/13/2020    /s/Stacy G. Miller, Joint Debtor

3